NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | : : : : | |
| Plaintiff, | : : | Civ. No. 09-5068 (GEB) |
| v. | : : | MEMORANDUM OPINION |
| BARNICKEL ENTERPRISES, INC., MICHAEL CZAHOR, CYNTHIA CZAHOR, | : : : : | |
| Defendants. | : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for default judgment against Defendant Barnickel Enterprises, Inc. ("Barnickel") and Defendant Michael Czahor ("Michael") filed by Plaintiff the Travelers Indemnity Company ("Travelers"). (Doc. No. 19.) Travelers' motion is not opposed. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Travelers' motion will be granted in part and denied in part.

**I.   BACKGROUND**

On October 2, 2009, Travelers filed a complaint that alleges Defendants Barnickel Enterprises, Inc., Michael Czahor and Cynthia Czahor (collectively "Defendants") breached a General Indemnity Agreement ("GIA") entered into by the parties. (Compl.; Doc. No. 1.) Travelers asserts that as a result of Defendants' breach of the GIA, Travelers has suffered contract damages that total $114,607.52, and will accrue attorney's fees equal to 20% of any

damages recovered.  (Doc. No. 19.)  Only Defendant Cynthia Czahor answered Travelers' complaint.  (Doc. No. 2.)  On June 22, 2010, Travelers filed the present motion for default against Barnickel and Michael.  On June 23, 2010, the Clerk of the Court entered default against Michael, but noted that default could not be entered against Barnickel as the docket did not indicate that Barnickel had been properly served.  No opposition has been filed to Travelers' present motion.

## II.     DISCUSSION

### A.  Legal Standard

Default is governed by Federal Rule of Civil Procedure 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the Court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we

have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

### B. Appliction

Applying this standard to the facts alleged in Travelers' submissions, the Court determines that an entry of default judgment as to Michael's liability to Travelers for damages arising out of the breach of the GIA is appropriate in this case because: (1) Michael has not proffered and does not appear to have a meritorious defense to Travelers' allegations; (2) Travelers has suffered and will continue to suffer prejudice because of Michael's breach of the GIA; and (3) Michael appears culpable for the conduct alleged in Travelers' complaint. As such, the Court will grant Travelers' motion for default judgment as to Michael for breach of the GIA and damages totaling $137,529.02.[1]

The Court concludes, however, that default judgment as to Barnickel is not appropriate at this time. The Clerk of the Court has not entered default against Barnickel because the docket does not indicate that Barnickel has been properly served. Procedurally, the Clerk of the Court must enter default against a defendant before this Court enters default judgment. Travelers' assertion that Barnickle and Michael are alter egos does not cure this procedural fault. As such, the Court will deny Travelers' motion for default against Barnickel without prejudice. Travelers

---

[1] This total amount is the sum of: (1) $114,607.52 in compensatory damages for breach of the GIA; and (2) $22,921.50 for attorney's fees that represent 20% of $114,607.52.

may refile a procedurally proper motion for default against Barnickel in the future if necessary.

### III.     CONCLUSION

For the reasons noted above, Travelers' motion for default judgment will be granted as to Defendant Michael Czahor, and the Court will enter judgment against Michael in the amount of $137,529.02.  The Court will deny Travelers motion for default judgment as to Defendant Barnickel Enterprises, Inc. without prejudice.  Finally, the Court notes that Travelers should promptly confer with the Magistrate Judge in this case in an effort to resolve this litigation expeditiously.

Dated: July 29, 2010

>                  /s/ Garrett E. Brown, Jr.
>          GARRETT E. BROWN, JR., U.S.D.J.